Superintendent Greene, State Correctional Institution Oh my God, I can't believe that one, Jesus Christ They can't get you in there, can they? Yeah, that's what happened Jesus Yeah It's a library A lot of money Good morning Good morning, sir May it please the court, Michael Weisman on behalf of Selene Bay And if I might, I'd like to reserve three minutes for rebuttal Okay This is a strange case in that McClain had three attorneys, two different fellow attorneys and an appellate attorney And I don't think I've ever seen a situation where the three attorneys Who were I.E. and effective Each one of them may well be one of the finest attorneys in the city of Philadelphia Brian McMonagle, Norris Gelman and Jack McMahon And you can't ask for a better compliment Well, I have a couple of responses to that First, Mr. McMonagle is not involved in the issues before him That's right, that's right Put the microphone to the front of you I'm sorry Can you pull the mic so he's speaking towards me? Yeah I don't actually think it's all that unusual But I don't know that we need to get into that I was planning to start with a discussion of prejudice Because in my view Well, no, you need to start with prejudice It seems that that's the problem The corporate charge is Boy, I gagged there So, I don't know And I can discuss this with Mr. Goldberg It seems to me that the corporate charge I don't know if it's a typo or what But it creates a presumption And I'm not saying the judge didn't see it this way But it's a real problem if you process a case And the jury's summation, it seems to me, is problematic Suggesting that, well, he didn't give me His witnesses and I have the power to dismiss this case Yeah, yeah And that's a problem But, you've got a situation where Taylor sees the shooter But you don't know about the ability Which he had to identify the face There's some discrepancy there Let's assume he didn't clearly see the gun in Bay's hand Didn't see the shooter But he sees a silver gun Then you've got Ferraro and the other officer Who almost immediately They hear Taylor yell out The guy's got a gun They hear the shots They listen I don't even see it as an IP case They see someone shoot That person in the green hooded sweater Runs up next to a car Two of the cops arrest the guy Under the car And they find the gun That matches the gun That Taylor saw The bullets came from that gun But it's not even an IP case How do you get prejudice out of this? They recovered the head, too I mean, so Where's the prejudice? Yeah, I mean You only have nine minutes left, Judge McKeon Touché The reason this is important The reason this is critically important Is that what you have here is Obviously a situation where The police officer says I saw him shoot Or close to it He didn't really get out of sight Except he was ducking behind some cars So Jack McMahon Spends a hundred pages In his closing argument Taking that apart And he did a very nice job He missed the objections But he did a very nice job On the facts of taking that apart So if you look at my brief From pages seven to fourteen We have various inconsistencies That he commented on In that Or various inconsistencies That make this not A so-called overwhelming case At the end of his hundred pages Or as sort of the centerpiece Of his hundred page closing He says I understand that this officer Believes that he saw What he says he saw But quote Perception becomes reality Referring to the officer And quote He said it It must be true In other words He's saying to the jury Just because he said it Doesn't make it true And that's at page 855 Of the appendix So what you have is An attempt to undercut That apparent Strong testimony And he does it in various ways For example He says at 866 of the appendix The body is laying In the wrong direction So it couldn't have happened The way the officer Said it happened The change in the number of people I mean this is You can imagine the scene out there It's at you know 2.30 in the morning There's lots of people Getting out of these two clubs Got Don and the MacNab Drawing attention I'm sorry Got Don and the MacNab Drawing attention Yeah Don and the MacNab Is in this area And people Once the shooting happens People are running I mean it's a crowded Confused scene And in that context The jury asks for a read back Of the I.V. testimony They ask for the officer's statement Regarding the identification You have Tompkins The surviving victim Who gives a statement So your point is No matter what the judges think That's strong A strong demonstration That the jury Was focused on the Identification issue Which makes the Kloiber instruction All the more significant Oh of course yes Yes that's exactly What do you say About this issue I mean why Why have a trial I mean if you know The cop can come in Put up his hand and say I saw what I saw And nothing you can say Can change that When in fact McMahon goes on For a hundred pages Poking significant holes In that In that testimony Because he had Incredibly skilled attorney But you still have to Come down to To break this I mean McMahon is really good As he did there Of picking apart Inconsistencies And finding things That you can argue To the jury To convince the jury That despite What this officer says He saw And we accept The fact that he believes He saw He's just dead wrong He makes the argument But we still are stuck With the record And the sequence of events And how does that get you I think what you're doing Undermines my statement To you That I didn't see As an I.D. case Oh it is too much It has to be It has to be From your perspective He doesn't One of the major Inconsistencies Is he didn't know Which person he saw Mr. Bay Allegedly shoot At one point He says It's the dead guy And another point He said I'm sorry I shouldn't talk like that He says It's the deceased And another point He says It was the surviving victim So there's a lot of Reason to You know This was a hung jury The first time I mean it was such a Strong case Because of the photograph The difference in the Photograph of the scene In the first trial Well I mean There was some issue About the lighting And such But you know The point is It was such a slam dunk Wasn't there an issue With a witness A witness in the first trial Well Mr. Tompkins Didn't show up in the first trial And I'm not sure Which way that cuts Frankly Because he's all over the place But the point is Is he did give A statement That exculpates Mr. Bay As the shooter And you know That's another point You know The We And I love to be able To say this Because I'm so often Confronted with Edpa You know Edpa schmetpa But you know For once When the When the trial court Hears all this stuff And decides You know what There's enough here For me to want to give Something like A Kloiber instruction Then I'm going to give it And so what is the You know Let's do some deference And what is the The dovetail Between the faulty instruction And what Mr. McMahon's Sentence is The faulty instruction McMahon says Just because he says it It doesn't make it true And the instruction says Just the opposite The instruction says Because he says it You must Essentially accept it It's almost a directed verdict And You know The The The The The You know It's not quite A structural error case I'll suggest that Isn't there any Structural error I don't think I can There's a lot of red flags Should this court Find that to be Structural error I think A better Way of approaching This would Be to say You know Harmless error Is not a Is not a An objective Unsliding Scale I mean The error Can be harmless Depending on A lot of Circumstances In the case And here You have You know The instructions Of the court Completely gutting The defense Theory The defense Closing argument And all the facts That Mr. McMahon Established During the trial How can that Be harmless I mean Why have a trial I keep You know Coming back To that The other Point about Prejudice I think Is really Important to consider Is that As we know From capital Cases Prejudice Is assessed Prejudice From ineffectiveness Is assessed Cumulatively So here You have Not just This Incredibly Faulty Instruction But you have This incredibly Inappropriate Comment On the rights To remain Silent So you've Got two I mean You know Short of not Having an attorney At trial Those are Probably two Of the most Important rights A criminal Defendant has In a case And yet You know They're both Eviscerated By the Prosecutor As well As by Judge Pasadena So I think That's important Also in assessing The cumulative Error here And the Cumulative Error And the reason It's not Fair response In the cases I've cited The Robinson Case And the Supreme Court Says it's Fair response If the Defense Talks about Silence And the Prosecution Is allowed To talk About silence And Robinson Is a Supreme Court Case You know What we have Here is McMahon Using The Statement Or commenting On the Truthfulness Of Tompkins Exculpatory Statement That doesn't Invite the Prosecution To say If it's So true Why don't You testify Why don't You come to Us I have A question About the Miranda Issue I hope I dispose Of that In my Case It's Patent And Not to Refer back To the Last one You're Pleased I have A Roadside I Have A Roadside I Have A Roadside I Have A Roadside I Have A Roadside I Have   I    I   Roadside I Have A I Have A Roadside Roadside I  A Roadside Ba A   Have A Roadside I Have A Roadside I Have A Roadside A Roadside I Have A Roadside A Roadside    Roadside I Have A Roadside I Have A Roadside I It It I Have A Roadside I Have A Roadside I Have A Roadside I Have  Roadside Single Roadside I Have A Roadside I Have A Roadside I Have A Roadside I Have A Roadside Roadside I  A  I Have A Roadside  Roadside I Have